We'll hear the next case, Ortiz v. Cyox. Good morning, Your Honors. May it please the Court, my name is Sue Naum, representing the Plaintiff Appellant Ortiz, Hector Ortiz, excuse me. Plaintiff Appellant brought an action against Cyox Health, LLC, and the New York and Presbyterian Hospital, alleging that defendants violated New York health law section 182e by charging $1.50 per page for copies of medical records, twice the per-page cap permitted under the statute. Unlike the case previously ---- Sotomayor, how much are we talking about here? Just for the plaintiff, it was probably in the tens or twenties dollars, but for the class, it amounts to millions of dollars of overcharge. Okay. Unlike the case previously decided by this Court regarding the same statute, Ruiz-Scaia v. Health Port Technologies, plaintiff brought this case on behalf of a class of persons who were charged more than $0.75 per-page cap, and neither Cyox nor the hospital disputed that they are health care providers covered by the public health law section 18. The district court dismissed plaintiff's claim on the grounds that the public health law section 18 does not afford a private right of action. We contend that the district court erred. The court has in the record on appeal a decision from Beverly Cohen of the Supreme Court of the State of New York in Fetter v. State Staten Island University Hospital, which squarely addressed the issue at hand. So it's not a published decision, right? It is not, Your Honor, but it is part of the record. But is that relevant, that it's not published? It is not, Your Honor. The case law ---- Do you think whether it's published or unpublished has no impact on whether we would give that credit or infer from that that that's how the highest court of the State would rule? That's correct, Your Honor, because it is still a publicly available document, Your Honor, and the appellate division affirmed based on the opinion of Justice Beverly Cohen. Can I ask you on that point, I don't know what the answer to this is, but as a matter of New York law, when the appellate division in a published decision that's one sentence long says, affirmed for the reasons stated by the trial court, does that under New York law become precedent, binding precedent of the intermediate appellate court? Do you know, is there any case law that says whether it sort of by adoption becomes precedent or not? We have not found any case law that addresses this directly, but we believe given that it is a published appellate division and that lower court decision is publicly available, that the reasoning holds fast. But it's not binding. I mean, if we were to conclude the district court was right, we're not bound by the first department decision, are we? Absolutely. I mean, it's persuasive authority. That's exactly right, Your Honor. You are not bound by it, but it is persuasive authority as to what the highest court of New York State would do. Of course, we have an option that the district court didn't have, which is we can refer it to the highest court and ask them to certify it to them and ask them to tell us. Oh, absolutely. But this is a de novo standard, Your Honor, and you absolutely have the right to look at the entire record on appeal, which now includes that decision. Well, what should we certify, should we not certify? What's the plaintiff's position? The plaintiff's position is that this does not require certification because we already have a decision that is well-reasoned, cogent, and addresses every argument raised by the defendant appellees. We believe that that decision is an authoritative position that this Court may adopt. You mentioned Ruse, Niskaya. The court there, another panel, indicated that it might certify some questions. Do we know what's happened in that case? Has it been used? The court remanded to the district court, and it is still pending in the district court. Still pending. That's correct, Your Honor. And those issues before the other panel are not before this panel. As I mentioned, our case is different in that we do not – we do not have a dispute as to whether the defendants are … As Judge Cote points out, there are remedies in the statute. Why should we imply another remedy, a private cause of action, when there are two remedies spelled out in the statute? Well, as Justice Beverly Cohen explained in her decision, she reviewed the statutory language and she reviewed the legislative history. And she concluded correctly that the remedies are not exclusive to an Article 78 proceeding or a Section 12 proceeding by the attorney general. Rather, the statute expressly leaves open the option to – for plaintiffs to have other remedies, including a private right of action. The statute doesn't leave it open. The statute is just silent. It is silent. But she did a textual analysis, and she concluded that the statute … Well, it's a textual analysis of three pages. I mean, it's not – it's not, I mean, extremely detailed. I think Judge Cote's is much more detailed. Wouldn't you agree? No, I would not, Your Honor. I think Beverly – Justice Beverly Cohen actually reviews the statutory history over several pages and analysis – analyzes the statutory language versus various provisions of the public health law. And she … It begins at the bottom of page 10 and it ends at page 13, the bottom of 13. So it's not – I didn't think it was that extensive. I mean, she does engage with the test, and she does endeavor, I think, to address the three-part test. With due respect, Your Honor, she begins her analysis on the bottom of page 7 of her opinion, which is the supplemental appendix number 107. But most of that is just really talking about the statute. And how it changed over the course of years. Right. That's what I mean. The analysis really starts on page 10, right? But what's the reasoning? If – if the legislature spells out two mechanisms, why should we read a third one into the statute? Well, Your Honor, the legislature didn't specify it just for this provision, those two other remedies. It was broadly for all of public health law. In addition, we've cited several cases in which it's been held that once a legislature provides these two remedies, it does not suggest that others are excluded. Could you just discuss the – your understanding of the scope of the Article 78 remedy? Because your opponents argue, look, you could go into Article 78, and my understanding is that they argue that you could seek damages as an incidental matter in those proceedings. But you – in your reply, and it wasn't entirely clear to me, but you're obviously fighting that in some respect. Could you just explain what your position is about the scope of an Article 78 remedy? Absolutely. We believe that the Article 78 remedy is really intended to enjoin a defendant to do the action that is required. Which is what in your case? Here, it would be if the defendant did not provide the record and refused to provide that record for 75 cents. Here, we already have the record. We've already paid the monies, but we paid in excess of the 75 cents. And so the defendant's position is that we should just get, as an incidental remedy, the excess fees. But we have no basis to bring an Article 78 action at all. Your view is – I'm sorry. I'm sorry. No, go ahead. I think I'm probably just continuing where you were. But so your view is that an after-the-fact refund, as it were, is not available under Article 78? That's correct, Your Honor. Okay. All right. We'll hear from the other side. You have some time for rebuttal. Thank you. Good morning, Your Honors, and may it please the Court. I'd like to begin briefly with where Judge Chin was asking questions, because I think you've pointed out that the key issue here, which is the public health law here, has two specific enforcement mechanisms, a civil enforcement mechanism and a private action, just not the private action that the appellant wants. And as SHEHE, the leading court of appeals case on private right of actions, says at 541 Northeast 2nd at 20, where a legislature has not been completely silent, but has instead made express provision for a civil remedy, albeit a narrower remedy than the plaintiff might wish, courts should ordinarily not attempt to fashion a different remedy with broader coverage. Now, here — Can I just begin where we just ended with Ms. Naum, which is, in your view, an Article 78 proceeding would entitle her to get a refund? Absolutely, Judge. At the moment that she filed the lawsuit, that Ortiz filed the lawsuit, they did not have the refund. We didn't know about the accidental payment as if the request came from a lawyer. So we had overcharged. So at that moment, the proper remedy under the statute would have been an Article 78. And as Adams v. Welch and New York Tell v. Nassau County, both appellate department cases in New York, say, even where the only remedy is reimbursement of erroneous charges, Article 78 is appropriate. Defendants have — there are a lot of cases where there's been an overcharge of taxes, and the only thing at issue now is the return of the money, and those are deemed to be incidental. And the reason is that if you look at what the statute here says, statute at 182e obligates the provider to furnish copies of a patient record at no more than 75 cents per page. And Section 13 says the performance of any duty or the doing of any act enjoined may be enforced. And, of course, bias Article 78. Because the statute says a reasonable charge for paper copies can't exceed 75 cents, if a provider furnishes copies at a higher rate, that violates the statute, and you can enforce, enjoin the performance of that duty to effectively make someone whole as if the statute had been complied with. But just to be clear, is your position that if, let's say, in this situation, there had been the charge of $1.50, someone complained, and as long as the hospital had nevertheless provided the documents, so the only issue on the table was the overpayment, that the plaintiff could go and start an Article 78 proceeding solely to obtain a refund of the overcharge? Absolutely. That's what I believe New York law says. And, in fact, the Second Department in the Signature Health case makes clear that when you have an Article 78 with a right to obtain incidental damages, that actually militates against implying a private right of action. But, again, I just want to be clear that when — because when I hear incidental damages, it sounds like that's an appendage to something else. Like you were getting an injunction, hand me the records, that's the injunction. And, oh, by the way, incidentally to the injunction telling you to give me the records, I also get damages. I want to make sure it's not like a pendant or supplemental claim in your view. I understand, Your Honor. And I think the way to understand this is, what does the statute require? The statute required the provider of the records to provide the records at no more than 75 cents. When that obligation, when that duty is not performed, the statute says there is a private action, not a plenary action, but an Article 78. And you can do one of two things in that. You can enjoin — you can compel the delivery of the documents, or you can compel the delivery of documents at the appropriate price. If the appropriate price hasn't been charged, you can get a refund. The refund in that situation under a wealth of — of Article 78 cases is deemed to be incidental. But, look, there are different sections of the public health law, and some of them have express reimbursement provisions, but this one doesn't, right? 182e doesn't include a remedial or a reimbursement provision, does it? And that is precisely, Your Honor, why, unlike the Maimonides or the Medicare case, which Judge Coates cited, where it would have been appropriate, for example, to infer a private right of action because the statute not only has a prohibition, but it also has an obligation to reimburse. And then the courts have said, okay, in that situation, there's something, that language in the statute is doing something. It's giving us the reason to infer a private right of action. Here — Breyer. I'm not talking about private right of action. You're telling me that in Article 78, if the appellant here had brought this as an Article 78, they could get damages for a refund or a reimbursement. And I just don't see that language in Section 18. It is in other sections of the public health law, but not this one. Oh. Is that correct or incorrect? I see, Your Honor, perhaps we have a difference of opinion of how we're reading the statute, and I — ultimately, you get to make the final call. But I understand the statute, 182e, as obligating a provider to furnish a copy of a record at no more than 75 cents per page. And I see the statute as providing the right to enjoin that duty, to enforce that duty. To enforce that duty has two components, provision of the document and not charging more than 75. If someone has charged more than 75 cents for the document, to enforce the party's right to hold the defendant accountable under that statute requires the court to order that incidental relief. It's not a form of plenary damages. It's not compensatory damages. Look, we're having a really interesting discussion of State law. And maybe that is the segue to why don't we just certify this and ask the New York State Court of Appeals to resolve this issue. Your Honor, certainly, as we said in our brief, you're free to do that. And there's a possibility that another part of this statute may go up to the court of appeals as well. The question of whether a company like this is even a provider, although it's not clear that that case will go, because cases sometimes settle, it may not happen. But I would say, Your Honor, that since your job, this Court's job, is to infer what the highest court in the State would do, not what a trial judge in a — in an opinion where she actually flipped the burden. Judge Fader, just to make one point, and then I'll directly respond. Judge Fader flipped the burden. Fader is the name of the case. Justice Cohen. Justice Cohen. In the Fader case, flipped the burden. She basically said because the statute doesn't preclude a private right of action, I'm going to look at these other cases that have them. And that's not really saying whether the — the private right would be consistent with this statute, just whether it might not be precluded. But I would say you can certainly give that whatever weight you want to give it to. But we know over the last 15 years, the court of appeals has looked at private rights of action on 12 times, and on not one single occasion has the court of appeals implied or inferred a private right of action in a statute that didn't have one. And the only time the appellate courts do that is either when there is a right and there's no remedy whatsoever that the legislature provides for. And that's not the situation here, because the legislature did provide for remedy. Well, but if — if Judge Coates and you are wrong, and there is no refund avenue for folks like the appellant here, the fact that the medical provider is going to get a whopping big fine doesn't do much for the person who's out of pocket, right? I would — yes, I don't disagree with that, Your Honor. But I would say that in this situation, the facts are relatively unique. The plaintiff brought this action. That was the first indication that there had been an overcharge. It was an inadvertent overcharge. Immediately, the company refunded the money. So the plaintiff actually has the documents, and within a short time after filing the lawsuit, actually had not been overcharged. But the plaintiff — I'm sorry. You just said the facts are rather unique. I thought we have a number of cases pending before this Court, or have been pending at different times, about the overcharge. There have been, I think, half a dozen cases that have percolated through the courts that — Which I guess suggests to me that it's not that unique, and wouldn't it be nice rather than duking this out case by case and everyone raising a million different arguments to just go right to the New York Court of Appeals and say, just put a stake through the heart of this issue. Tell us one way or the other. Can you sue or can you not sue? And it's an on-off switch. Again, Your Honor, I — we've suggested that that is not an unreasonable place for this Court to go. Then how would you phrase the question, assuming — and maybe we won't, maybe we will — but if we were to certify this question to the New York Court of Appeals, how would you phrase the question that ought to be certified? Does the public health law have a private right of a plenary action to enforce the obligation of a health care provider to impose a charge not to accept a patient's medical records when a patient's medical records are censured or recorded to a national health record or to a national health record and not a public health record? Officially by a federal court of appeals. I do not believe that the public health law rights are limited to Congress. It's just not a private action that might entitle punitive damages or additional types of damages. But it does, in my view, and I think if you look at the cases on tax returns and the like, allow these types of incidental damages to make the party whole. Thank you. Thank you, Your Honor. We'll hear the rebuttal. Your Honors, the district court in this matter is the first court, either a federal court or State, at the trial or appellate level to conclude that there is no private right of action under Public Health Law Section 18. The consensus among courts — How many courts have addressed the issue? Just — They have not squarely addressed the issue, but there have been many cases. On two cases total, right? One on each side. Is that fair on the precise issue? That is fair, Your Honor, but there clearly have been cases — It's not such a big deal that Judge Cote was the first one to rule in this case. But there are several pending cases, as Your Honor is aware, that cases have proceeded past the motion to dismiss. Litigants have been fighting under Section 18 for years. Well, if we were to certify, what would you — how would you pose the question? Before I get to that question, Your Honor, I must remind this Court that under the This Court has said issues of State law are not to be routinely certified to the highest court of New York simply because a certification procedure is available. It is the Second Circuit's job to predict how the forum's State's highest court would decide the issues before you. Okay. Could you now answer my question? Absolutely. We believe that the way to frame this issue would be to state is this way, which is — And we've done it in our paper, so I don't want to mess it up. Whether the District Court erred in dismissing plaintiff's claim for the violation of New York health law, Section 182e, on the grounds that it affords no private right of action, where private right of action consistently has been recognized for violation of Section 182e in State and Federal court. It's a little bit slanted, isn't it? That is our job, Your Honor. We don't generally certify and ask the New York State Court of Appeals to tell us whether a District Court in the United States Southern District erred. So that's your view as to what we ought to do. Well, Your Honor, my view is that this Court need not certify. But if it must, it is a simple question whether the statute affords a private litigant a private right of action. Thank you. Thank you. We'll reserve decision.